UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**United States of America,**

v.

**Kevin Loren Daniels,**

**Defendant.**

Case No. 2:21-cr-239

Judge Michael H. Watson

## OPINION AND ORDER

The Government and Kevin Loren Daniels ("Defendant") jointly move to continue his pretrial and trial dates for at least 90 days. ECF No. 45. For the following reasons, the motion is **GRANTED**.

Defendant is charged with interference of commerce by robbery, brandishing a firearm during and in relation to a crime of violence, a possession of a firearm by a prohibited person in violation of 18 U.S.C. § 1951, 18 U.S.C. § 924(c)(1)(A)(ii), and 18 U.S.C. § 922(g)(1), respectively. See generally, Indictment, ECF No. 18. Defendant was indicted on December 7, 2021, and the Court subsequently set trial for February 7, 2022. See id; ECF No. 22. The Court granted several motions to continue trial in the intervening months. See ECF Nos. 26, 36, 41.

The Government and Defendant now jointly move to continue his pretrial and trial dates for at least 90 days. ECF No. 45. The parties contend that a continuance is warranted because counsel for Defendant has received

voluminous discovery and needs additional time to review discovery and conduct additional defense investigation. *Id.*

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, commands that, for any case in which a defendant has not pleaded guilty, trial must begin within seventy days of the date the defendant has an initial appearance or is charged, whichever is later. 18 U.S.C. § 3161(c)(1); *Bloate v. United States*, 559 U.S. 196, 198 (2010). The Speedy Trial Act allows for certain delays to be excluded from the seventy-day clock. *See* 18 U.S.C. § 3161(h). Some of these delays—for example, those enumerated in subsection 3161(h)(1)—are automatically excluded. *See Bloate*, 559 U.S. at 199.

When, however, a delay results from a continuance granted at the request of a party or on the Court's own motion, that time is excludable only if the Court makes "specific findings" that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Bloate*, 559 U.S. at 213; 18 U.S.C. § 3161(h)(7)(A). These findings must be set forth "in the record of the case, either orally or in writing." *Zedner v. United States*, 547 U.S. 489, 506 (2006) (quoting the then-existing version of 18 U.S.C. § 3161(h)(7)).

When considering whether to grant a so-called "ends of justice" continuance under § 3161(h)(7)(A), a court must consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). An "ends of justice" continuance may not be granted based on "general congestion of the court's calendar," or for "lack of diligent preparation or failure to obtain available witnesses" on behalf of the Government. 18 U.S.C. § 3161(h)(7)(c).

The Court has considered the subsection (h)(7)(B) factors. Based on the parties' representation that defense counsel needs additional time to review voluminous discovery, complete an investigation, and adequately prepare for trial, the Court finds that a failure to grant a continuance in this proceeding would be likely to "result in a miscarriage of justice." See 18 U.S.C. § 3161(h)(7)(B)(i). Accordingly, a continuance is warranted, and the "ends of justice served by the granting of [this] continuance outweigh the best interests of the public and the

defendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(7)(A). The delay caused by this continuance is excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h).

Accordingly, the parties' joint motion for continuance is **GRANTED**. Trial is now set for **Monday January 30, 2023** at 9:00am. The Final Pretrial Conference is set for **Wednesday January 25, 2023** at 11:00am. The deadline for any motions *in limine* or other pre-trial motions is **Wednesday January 18, 2023**. The hearing on Defendant's motion to suppress statements, which is currently scheduled for **Wednesday September 7, 2022** at 10:00am will still proceed as scheduled.

The Clerk is **DIRECTED** to terminate ECF No. 45.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**